UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY MCCLELLAN, | ) | Case No. CV 08-2293-JFW (JTL) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING COMPLAINT WITH LEAVE |
| v. | ) | TO AMEND |
| | ) | |
| JOHN MARSHALL, Warden et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On April 7, 2008, Gregory McClellan ("plaintiff"), proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. Section 1983 ("Complaint").  The Court has screened the Complaint before ordering service to determine whether the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).[1]

The Court's screening of plaintiff's Complaint under the foregoing statute is governed by the following standards: A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,

---

[1]  Plaintiff's current status is unclear.  However, if plaintiff is a prisoner or a civil detainee, the Court screens the Complaint under the same standard pursuant to 28 U.S.C. Section 1915A and 42 U.S.C. Section 1997e(c)(1).

901 F.2d 696, 699 (9th Cir. 1990).  Because plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

After careful review and consideration of the Complaint under the relevant standards, and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim upon which relief may be granted and **ORDERS** the **COMPLAINT DISMISSED WITH LEAVE TO AMEND.**

### ALLEGATIONS OF THE COMPLAINT

Plaintiff appears to be currently incarcerated at the California Men's Colony West ("CMC-West") at San Luis Obispo, California pending civil commitment.  (Complaint at 1).  His claim arises out of his prolonged detention for a parole violation.  (Id. at 3-4).  Plaintiff names as defendants John Marshall, Warden, California Men's Colony; T. Gonzales, Chief Deputy Administrator CMC-West; J. Cutillo, Associate Warden CMC-West; S. Roberson, Correctional Case Records Supervisor; C. Gravelle, staff member CMC-West; and Officer A. Pennywell. (Id. at 2, 5).

Plaintiff alleges that he was arrested by parole officials on November 9, 2006, for violation of his parole conditions, and subsequently released on November 11, 2007.  (Id. at 3). Plaintiff alleges that he was illegally arrested and forced to serve 367 days in custody, instead of 360 days, the statutory maximum sentence pursuant to California Penal Code Section 3057(a).  (Id. at 4).  Plaintiff contends that he attempted, without success, to have his release date changed to November 5, 2007 through administrative appeal.  (Id. at 1, 3).  Plaintiff argues

that the extra days of confinement amount to a violation of his rights under the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments of the United States Constitution. (Complaint at 3-4).

In addition, plaintiff alleges that Defendant A. Pennywell made an "oppressive" statement to plaintiff, stating "you will be coming back (sic) prison." (Complaint at 5). Plaintiff claims that as a result of defendants actions, he has suffered irreparable injury from denial of familial association for seven days and increased hypertension due to the stress of being held in prison beyond his release date, harassment, inadequate medical care, the noise level and racial segregation in the prison. (Id. at 3, 5-6).

Plaintiff seeks compensatory and punitive damages. (Id. at 6).

## DISCUSSION

### I.   PLAINTIFF MUST NAME ALL DEFENDANTS IN THE CAPTION

Plaintiff has made allegations in his Complaint against defendants not named in the caption of the Complaint. Plaintiff names only defendant John Marshall in the caption of the Complaint. (Complaint at 1). Plaintiff names T. Gonzales, J. Cutillo, S. Roberson, C. Gravelle and A. Pennywell as defendants in the body of the Complaint, but fails to include their names in the caption. (See id. at 1, 2).

If plaintiff files an amended complaint, he must include in the caption the names of all the defendants against whom he is asserting a claim. Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States Marshal to serve the complaint on any defendant not named in the caption.

### II.   PLAINTIFF'S CLAIMS AGAINST ALL DEFENDANTS IN THEIR OFFICIAL CAPACITIES MUST BE DISMISSED

Plaintiff brings claims against all defendants in their individual capacities, as well as in their official capacities as employees of CMC-West. (Complaint at 3). Official capacity claims

against state officials are merely another way of pleading an action against the state itself.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." (internal citation omitted)).  Because the Eleventh Amendment prohibits federal jurisdiction over claims against a state without its consent, plaintiff's official capacity claims must be dismissed.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

### III.    PLAINTIFF FAILS TO STATE A CLAIM FOR A DUE PROCESS VIOLATION

The Fourteenth Amendment's substantive due process clause protects against the arbitrary or oppressive exercise of governmental power.  See County of Sacramento v. Lewis, 523 U.S. 833, 845-45 (1998).  The Due Process Clause is violated only when it can be properly characterized as arbitrary, or conscience shocking, in a constitutional sense.  Collins v. Harker Heights, 503 U.S. 115, 128 (1992).  Only the most egregious official conduct can be said to be "arbitrary in the constitutional sense."  Id. at 129.

Even when viewed in the light most favorable to him, the facts alleged by plaintiff do not show the violation of a constitutional right.  Confinement beyond the end of an inmate's sentence only gives rise to Section 1983 liability if the inmate's continued detention was the result of "deliberate indifference" by state actors.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc).  In order to establish deliberate indifference, plaintiff must show that defendants actually knew of his condition and risk of harm, yet failed to take reasonable steps to eliminate that risk.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  While plaintiff does allege that he attempted, without success, to have his release date changed to November 5, 2007 through administrative appeal, he does not allege that defendants knew of his conditions and risks of harm and failed to take reasonable steps to eliminate the risk.  Accordingly, plaintiff's false imprisonment claim does not amount to a substantive due process violation and must be dismissed.  See Barnacascel v. Montana, 103 Fed. Appx. 195, 196-97 (9th Cir. 2004).

Mere negligence, or liability grounded in tort, does not meet the threshold requirement to establish a substantive due process violation.  Lewis, 523 U.S. at 849.  Section 1983

1   imposes liability for violations of rights protected by the Constitution, not for violations of duties

2   of care arising out of tort law.  Remedy for the latter type of injury must be sought in state court

3   under traditional tort-law principles.[2]  Baker v. McCollan, 443 U.S. 137, 146 (1979) (false

4   imprisonment does not become a violation of the Fourteenth Amendment merely because the

5   defendant is a state official).

6   **IV.   PLAINTIFF FAILS TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT**

7           Plaintiff fails to state a claim under the Eighth Amendment against defendant Pennywell.

8   Verbal harassment alone does not violate the Constitution.  See Freeman v. Arpaio, 125 F.3d

9   732, 738 (9th Cir. 1997) (no constitutional claim based on abusive language directed at the

10  prisoner's religious and ethnic background); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)

11  (no Eighth Amendment claim based on "disrespectful and assaultive comments" by prison

12  guards); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (no constitutional claim

13  based on vulgar language directed at inmate by prison guard).  Nor does the Constitution grant

14  inmates a right to "unfettered visitation." Kentucky Dep't. of Corr. v. Thompson, 490 U.S. 454,

15  460 (1989); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir.), cert. denied, 537 US 1039

16  (2002)("[I]t is well-settled that prisoners have no constitutional right while incarcerated to

17  contact visits.").  Thus, plaintiff's claim against defendant Pennywell must be dismissed.

18          Plaintiff also fails to state a claim under the Eighth Amendment against any other

19  defendant.  In order for injuries stemming from the conditions of confinement to constitute cruel

20  and unusual punishment in violation of the Eighth Amendment, prison officials may be held

21  liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost

22  v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  In addition, the alleged deprivation must be,

23  in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

24  The prison official must know of and disregard an excessive risk to inmate health or safety.

25

26          [2] A cause of action for false imprisonment exists under California law to protect "unlawful
    violation of the personal liberty of another."  Asgari v. City of Los Angeles, 15 Cal. 4th 744, 757
27  (1997).  A claim for false imprisonment grounded upon prolonged detention may arise under
    California law  if a person is "deprived of his liberty after his jail term ends." Sullivan v. County of
28  Los Angeles, 12 Cal. 3d 710, 715 (1974).

1 | Farmer. 511 U.S. at 837.   Thus, a prison official may be held liable under the Eighth
2 | Amendment for denying humane conditions of confinement only if he knows that inmates face
3 | a substantial risk of harm and disregards that risk by failing to take reasonable measures to
4 | abate it. Id. at 837-45.

5 | **V.      PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY DEFENDANT**

6 |        Plaintiff has failed to allege acts sufficient to state a claim against any defendant.  A
7 | person "subjects" another to the deprivation of a constitutional right within the meaning of
8 | Section 1983 if he or she "does an affirmative act, participates in another's affirmative acts, or
9 | omits to perform an act which he [or she] is legally required to do" that causes the
10 | complained-of deprivation.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also
11 | Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (Section 1983 liability requires personal
12 | participation in deprivation).

13 |        Plaintiff has not adequately stated a claim for relief under section 1983 in as much as
14 | he has not alleged that any defendants acted, participated in another's act, or omitted to
15 | perform an act that he was legally required to do.  Nor has plaintiff alleged any causal
16 | connection between any defendants and the purported constitutional deprivations.  Thus,
17 | plaintiff's claim against all defendants must be dismissed.[3]

18 |

19 |        [3] In addition, some of plaintiff's claims may be barred by the Supreme Court's decision in
20 | Heck v. Humphrey, 512 U.S. 477 (1994).  Heck bars claims under Section 1983 based on "actions whose unlawfulness would render a conviction or sentence invalid" when the conviction or sentence has not yet been reversed or otherwise invalidated. Id. at 486-87.  In order to properly bring a cause
21 | of action for damages challenging a criminal conviction or sentence, the conviction or sentence must been invalidated, expunged or reversed:
22 |                 [I]n order to recover damages for allegedly unconstitutional
                    conviction or imprisonment, or for other harm caused by actions
23 |                 whose unlawfulness would render a conviction or sentence invalid,
                    a § 1983 plaintiff must prove that the conviction or sentence has
24 |                 been reversed on direct appeal, expunged by executive order,
                    declared invalid by a state tribunal authorized to make such
25 |                 determination, or called into question by a federal court's issuance
                    of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
26 |                 bearing that relationship to a conviction or sentence that has not
                    been so invalidated is not cognizable under § 1983.
27 | Id. at 486-87.  The Heck doctrine applies to challenges to confinement resulting from parole
28 | revocation.  See, e.g., Wilson v. City of Fountain Valley, 372 F.Supp.2d 1178, 1195 (C.D.Cal.2004), citing plurality opinion in Spencer v. Kemna, 523 U.S. 1, 19 (1998).

* * * * * * * * *

Because plaintiff may be able to cure the deficiencies of the complaint by amendment, the Court will afford plaintiff an opportunity to attempt to do so.  See Noll, 809 F.2d at 1448. The Complaint, therefore, is **DISMISSED WITH LEAVE TO AMEND**.

If plaintiff desires to pursue this action, plaintiff is **ORDERED** to file a First Amended Complaint within thirty (30) days of the date of this Order, remedying the deficiencies discussed above.

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document.  The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which plaintiff will need to completely fill out and resubmit.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that the action be dismissed on the grounds set forth above and for failure to diligently prosecute.**

DATED: April 25, 2008

_____/s/_____
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE