1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GREGORY MCCLELLAN,<br><br>                    Plaintiff,<br><br>           v.<br><br>JOHN MARSHALL, Warden et al.,<br><br>                    Defendants. | Case No. CV 08-2293-JFW (JTL)<br><br>MEMORANDUM AND ORDER<br>DISMISSING FIRST AMENDED<br>COMPLAINT WITH LEAVE TO AMEND |

On May 23, 2008, Gregory McClellan ("plaintiff"), proceeding pro se and in forma pauperis, filed a First Amended Complaint pursuant to 42 U.S.C. Section 1983 ("FAC").  In accordance with the provisions of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the FAC before ordering service to determine whether the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A; 42 U.S.C. §1997e(c)(1).

The Court's screening of plaintiff's Complaint under the foregoing statute is governed by the following standards: A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Because plaintiff is appearing pro se, the Court must

construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

After careful review and consideration of the FAC under the relevant standards, and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim upon which relief may be granted and **ORDERS** the **FIRST AMENDED COMPLAINT DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is currently incarcerated at the California Men's Colony West ("CMC-West") at San Luis Obispo, California for a parole violation.  (FAC at 5).  His claim arises out of his prolonged detention pending evaluation for civil commitment in 2007.  (Id.).  Plaintiff names as defendants John Marshall, Warden, California Men's Colony; T. Gonzales, Chief Deputy Administrator CMC-West; J. Cutillo, Associate Warden CMC-West; S. Roberson, Correctional Case Records Supervisor; C. Gravelle, staff member CMC-West; Civil Commitment Coordinator Jane Doe; Deputy Board of Parole Hearing Officers, John or Jane Does 1-7.  (Id. at 1, 3-6).

Plaintiff alleges that on December 16, 2007, after he was cleared by the Department of Mental Health ("DMH"), he was released from custody 41 days after his scheduled parole date.  (Id. at 5, 5a).  Plaintiff alleges that defendants improperly confined him without a probable cause hearing and the Civil Commitment Coordinator, Jane Doe, advised him that he could not appeal his detention pending evaluation for civil commitment.  (Id. at 5).  Plaintiff argues he was improperly held beyond his release date with no diagnosed mental disorder.  Plaintiff alleges

defendants failed to hold a probable cause hearing and argues that he was entitled to, at minimum, notice and a hearing before the 45-day parole hold was entered and his subsequent 41-day detention.  (FAC at 5c).

During the 41-day period he was in custody, plaintiff alleges that defendants did not segregate from the general prison population and that he did not receive the same status as others who were civilly committed.  Accordingly, plaintiff argues that his prolonged detention was punitive.  (Id. at 5e).  As a result of defendant's actions, plaintiff contends he suffered irreparable injury including increased hypertension, verbal harassment, inadequate health care, and racial segregation.  (Id.).  Plaintiff alleges that defendants were deliberately indifferent to his rights, that his additional detention constituted punishment by defendants for his past crimes, not for his commitment offense, and that his prolonged detention was not the result of defendant's negligence but rather, deliberate indifference on the part of defendants.  (Id. at 5b, 5e).  Plaintiff also alleges defendants should have initiated the DMH evaluation on May 5, 2007, six months before his schedule release date, and were deliberately indifferent in failing to do so.  (Id. at 5d).  Plaintiff alleges all defendants knew, or should have known plaintiff was entitled to a probable cause hearing, yet failed to provide him with one.

Plaintiff contends that the prolonged confinement and denial of due process constitutes a violation of his rights under the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments of the United States Constitution.  (Id.).  Plaintiff also alleges he was improperly denied association with his family and friends, timely notice and a hearing, substantive due process, attorney representation and the right to present a defense, and that he was falsely imprisoned, subject to cruel and unusual punishment and enslavement without due process of the law.  (Id. at 5e).

Plaintiff seeks compensatory and punitive damages and injunctive relief.  (Id. at 5d, 6).

///

///

///

///

**DISCUSSION**

**I.    PLAINTIFF'S CLAIMS AGAINST ALL DEFENDANTS IN THEIR OFFICIAL CAPACITIES MUST BE DISMISSED**

Plaintiff brings claims against all defendants in their individual capacities, as well as in their official capacities as employees of CMC-West.  (FAC at 3).  As the Court previously stated in its April 25, 2008 Order, official capacity claims against state officials are merely another way of pleading an action against the state itself.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." (internal citation omitted)).  Because the Eleventh Amendment prohibits federal jurisdiction over claims against a state without its consent, plaintiff's official capacity claims must be dismissed.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

**II.    PLAINTIFF FAILS TO STATE A DUE PROCESS CLAIM**

Plaintiff alleges he was improperly held pending evaluation for civil commitment as a sexually violent predator ("SVP") pursuant to California Welfare and Institution Code Sections 6600 et seq. (Sexually Violent Predator Act ("SVPA")).  Plaintiff alleges he was held in custody for 41 days after his release date without notice of the hold, and that defendants improperly failed to hold a probable cause hearing.

Generally, the Department of Corrections and Department of Mental Health evaluates a person who has committed one of the predicate offenses six months before he completes his sentence.  Cal. Welf. & Inst. Code § 6601.  If necessary for the completion of a full evaluation, however,  the Board of Prison Terms may keep the prisoner in custody for up to 45 days beyond his or her scheduled release date.  Cal. Welf. & Inst. Code § 6601.3 ("Upon a showing of good cause, the Board of Prison Terms may order that a person referred to the State Department of Mental Health pursuant to subdivision (b) of Section 6601 remain in custody for no  more  than  45  days  beyond  the  person's  scheduled  release  date  for  full

evaluation . . . ); see People v. Badura, 95 Cal. App. 4th 1218, 1221-23 (2002).  Challenges to the lawfulness of the defendant's custody should be raised by an administrative appeal or by a petition for a writ of habeas corpus, rather than at the judicial proceedings on an SVPA petition.  People v. Johnson, 162 Cal. App. 4th 1263, 1274 (2008).

  If the Department of Corrections and Department of Mental Health determine the prisoner may be a SVP, a petition for commitment may be filed by the district attorney or counsel for the county in which the evaluated person was convicted.  Cal. Welf. & Inst. Code § 6601(l).  Once a SVP petition is filed, "it is reviewed by a superior court judge to determine whether it 'states or contains sufficient facts that, if true, would construe probable case to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release.'"  Cooley v. Superior Court (Marentez), 29 Cal. 4th 228, 244-45 (2002).  If the superior court judge determines that there is probable cause, the prisoner is detained until a trial is conducted to determine whether he or she is likely to engage in acts of sexual violence upon his or her release.  Cal. Welf. & Inst. Code § 6602(a).  To sustain a commitment as a SVP, the state must prove beyond a reasonable doubt that the offender has been convicted of a sexually violent offense against two or more victims, and that he or she suffers from a diagnosed mental disorder that makes him or her a danger to the health and safety of others because it is likely that he or she will engage in sexually violent criminal behavior.  Cal. Welf. & Inst. Code §§ 6600(a)(1), 6604; Hubbart v. Superior Court, 19 Cal. 4th 1138, 1145 (1999).

  Here, plaintiff alleges he was improperly held in custody without notice or a probable cause hearing.  The SVPA does not provide for notification prior to screening and evaluation.  The screening and evaluation process does not appear to amount to the sort of dispositive hearing for which a prisoner needs advance notice.  Woodard v. Mayberg, 242 F. Supp. 2d 695, 704 (N.D. Cal. 2003), see also Munoz v. Kolender, 208 F. Supp. 2d 1125, 1137 (S.D. Cal. 2002) ("California's SVPA establishes procedures to safeguard the due process rights of the affected persons.").  Thus, the SVPA does not provide for notification prior to screening and

1   evaluation.  Nor is it clearly established that the Due Process Clause requires such notification.

2   Woodard, 242 F.Supp. 2d at 704.

3         Here, plaintiff states he was released after the DMH determined he was not a SVP.

4   Because plaintiff did not make it past the initial screening and evaluation process, the

5   requirement to hold a probable cause hearing was not triggered.  The allegations of plaintiff's

6   FAC do not establish a violation of due process protections that plaintiff was entitled to.

7   Plaintiff's due process claim must, therefore, be dismissed.

8   **III.**   **PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FOURTEENTH**

9         **AMENDMENT**

10        Plaintiff alleges he was subject to cruel and unusual punishment during the 41-day

11  period.  (FAC at 5e).  Plaintiff alleges that during that time, he suffered from increased

12  hypertension, verbal harassment, inadequate mental and medical health care, intolerable noise

13  levels, overcrowded living conditions and racial classification.  (FAC at 5e).

14        As a civil detainee, plaintiff's claim arises under the Fourteenth Amendment substantive

15  due process standard.  Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004).  Civilly detained

16  persons must be afforded "more considerate treatment and conditions of confinement than

17  criminals whose conditions of confinement are designed to punish."  Hydrick v. Hunter, 466

18  F.3d , 691 (9th Cir. 2007) (quoting Youngberg v. Romeo, 457 U.S. 307, 322 (1982)).  Thus, the

19  Ninth Circuit has suggested that civilly committed SVPs may be entitled to a higher degree of

20  protection than provided by the deliberate indifference standard.  See Hydrick, 466 F.3d at 691

21  ("[T]he rights afforded prisoners set a floor for those that must be afforded SVPs.");  Jones, 393

22  F.3d at 934 (civil detainee awaiting SVPA commitment hearing need not prove deliberate

23  indifference in order to prevail on a conditions of confinement challenge).  However, the mere

24  housing of a civil detainee within a prison facility is not a per se violation of the Fourteenth

25  Amendment.  The United States Supreme Court has upheld the constitutionality of housing

26  individuals who have been adjudicated SVPs within prison facilities in segregated housing.  See

27  Munoz, 208 F. Supp. 2d at 1142.

28  ///

Here, plaintiff has not alleged acts sufficient to link the alleged violation of his rights under the Fourteenth Amendment to any defendant.  A person "subjects" another to the deprivation of a constitutional right within the meaning of Section 1983 if he or she "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do" that causes the complained-of deprivation. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978); <u>see also</u> <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (Section 1983 liability requires personal participation in deprivation).

Plaintiff has not adequately stated a claim for relief under section 1983 in as much as he has not alleged that any defendants acted, participated in another's act, or omitted to perform an act that he was legally required to do with regard to plaintiff's conditions of confinement.  <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 633-34 (9th Cir. 1988) (in an action brought under 42 U.S.C. § 1983, plaintiff must establish causation, as by demonstrating the duties and responsibilities of defendant).  Thus, plaintiff's claims under the Fourteenth Amendment must be dismissed.

* * * * * * * * *

Because plaintiff may be able to cure the deficiencies of the complaint by amendment, the Court will afford plaintiff an opportunity to attempt to do so.  <u>See</u> <u>Noll</u>, 809 F.2d at 1448. The Complaint, therefore, is **DISMISSED WITH LEAVE TO AMEND**.

If plaintiff desires to pursue this action, plaintiff is **ORDERED** to file a Second Amended Complaint within thirty (30) days of the date of this Order, remedying the deficiencies discussed above.

If plaintiff chooses to file a Second Amended Complaint, it should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document.  The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which plaintiff will need to completely fill out and resubmit.

///

///

1    **Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint,**

2  **the Court will recommend that the action be dismissed on the grounds set forth above**

3  **and for failure to diligently prosecute.**

4  DATED: June 19, 2008

5  _____
                                     /s/
6  JENNIFER T. LUM
   UNITED STATES MAGISTRATE JUDGE